UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JACK GAGAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:10-CV-26-JD-PRC |
| | ) | |
| UNITED CONSUMERS CLUB, INC., | ) | |
|     Defendant, | ) | |
| _____ | ) | |
| | ) | |
| UNITED CONSUMERS CLUB, INC., | ) | |
|     Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JACK GAGAN, | ) | |
|     Counter Defendant. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Plaintiff/Counterdefendant's Motion to Dismiss Defendant/Counterplaintiff's Counterclaim and Motion to Strike Defendant/Counterplaintiff's Affirmative Defenses [DE 44], filed by Plaintiff/Counterdefendant Gagan on August 15, 2011. On October 3, 2011, Defendant/Counterplaintiff United Consumers Club, Inc. ("UCC") filed a response, and on October 25, 2011, Gagan filed a reply.

On November 4, 2011, Judge Jon E. DeGuilio entered a Notice and Order of Referral [DE 54] referring the instant Motion to Dismiss contained within the Plaintiff/Counterdefendant's Motion to Dismiss Defendant/Counterplaintiff's Counterclaim and Motion to Strike Defendant/Counterplaintiff's Affirmative Defenses to the undersigned Magistrate Judge for a report

1

and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion to Dismiss. The Motion to Strike contained within the instant Motion is not subject to the Order of Referral.

For the following reasons, the Court grants the Motion to Strike and recommends that Judge DeGuilio grant the Motion to Dismiss.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on January 15, 2010. The allegations in the Complaint arise from Plaintiff's employment, consisting of claims of adverse employment action, including age discrimination and retaliatory discharge under the ADEA; Indiana Wage Claims; unjust enrichment; and fraud in the inducement. On May 13, 2011, Judge Jon E. DeGuilio entered an Order dismissing Gagan's claim for fraud in the inducement.

On July 8, 2011, UCC filed its Amended Answer and Affirmative Defenses, and Counterclaim. The counterclaims allege breach of fiduciary duty, constructive fraud, and a claim for payment for duties not adequately performed. In the instant Motion, Gagan moves to dismiss the counterclaims and strike two of the affirmative defenses.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526

F.3d 1074, 1082-83 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

Federal Rule of Civil Procedure 12(f) provides, in relevant part, that a "court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading." *Nat'l Accident Ins. Underwriters, Inc. v. Citibank*, 243 F. Supp. 2d 769, 770 (N.D. Ill. 2003) (citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991)). However, "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement' of the defense" and "allege the necessary elements of the alleged claims." *Heller*

3

*Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989) (quoting Fed. R. Civ. P. 8(a)) (other citations omitted). The affirmative defense must provide enough information such that the plaintiff is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47); *see also Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

In the instant Motion, Plaintiff/Counterdefendant Gagan argues that Defendant-Counterplaintiff United Consumers Club, Inc.'s ("UCC") Counterclaims and two of its affirmative defenses should be dismissed or stricken. It argues that (1) Counterclaim Count I is untimely because it was not brought within the applicable statute of limitations and is insufficiently pled; (2) Counterclaim Count II does not satisfy the heightened pleading requirement for allegations of fraud; (3) Counterclaim Count III impermissibly seeks to retroactively reduce Gagan's wage and was not brought within the applicable statute of limitations; and (4) Affirmative Defenses 17 and 25 impermissibly seek retroactive reductions of wages. The Court will address each of these arguments in turn.

### 1. Counterclaim Count I: Breach of Fiduciary Duty

Gagan argues that UCC's breach of fiduciary duty claim, Counterclaim Count I, is untimely under Indiana law and is insufficiently pled. UCC argues that its claim is not barred by the statute of limitations and complies with the federal pleading standards.

"A statute of limitations is part of the forum state's substantive law that will be applied by a federal court sitting in diversity." *Howard v. Philip Morris USA, Inc.*, 98 Fed. Appx. 535, 538 (7th Cir. 2004) (citing *Guar. Trust Co. v. York*, 326 U.S. 99, 109-11, (1945); *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 633 (7th Cir. 2002). Under Indiana law, a claim for "breach of fiduciary duty

4

is a tort claim for injury to personal property and therefore the statute of limitation is two years." *Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 451 (Ind. Ct. App. 2003) (citing *Shriner v. Sheehan*, 773 N.E.2d 833, 846 (Ind. Ct. App. 2002); Ind. Code § 34-11-2-4(2)) (other citations omitted). "[T]he statute of limitation begins to run when the plaintiff knew, or in the exercise of ordinary diligence could have discovered, that an injury had been sustained as a result of the tortious act of another."

*City of East Chicago v. E. Chi. Second Century, Inc.*, 908 N.E.2d 611, 618 (Ind. 2009) (citing *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559 (Ind. 1992)). UCC argues that Gagan's allegation of breach of fiduciary duty arose more than two years before the counterclaim was filed and should therefore be dismissed.

It is "irregular" to dismiss a claim on statute of limitations grounds, "for the statute of limitations is an affirmative defense. A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c); *Gomez v. Toledo*, 446 U.S. 635 (1980); *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623 (7th Cir. 2003)). Dismissal on a Rule 12(b)(6) motion is appropriate only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008); *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802

(7th Cir. 2008). In this case, Gagan's counterclaims do not "plainly reveal[] that [the] action is untimely under the governing statute of limitations," and therefore dismissal is not appropriate on statute of limitations grounds. *Lewis*, 411 F.3d 842.

Gagan also argues that UCC's breach of fiduciary duty claim is insufficiently pled. Gagan argues that the claim only includes conclusory and vague allegations and is lacking specific facts or dates. UCC argues that the counterclaim fully satisfies Federal Rule of Civil Procedure 8.

To state a claim for breach of fiduciary duty, UCC must allege "three elements: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." *York v. Fredrick*, 947 N.E.2d 969, 978 (Ind. Ct. App. 2011) (citing *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010)). In its Counterclaim Count I, UCC alleges that Gagan owed fiduciary duties to UCC as Senior Vice President for Merchandising, that it breached that duty through episodes of misconduct and lack of judgment, and UCC was harmed as a result of Gagan's actions. UCC has sufficiently pled the existence of a fiduciary relationship and that Gagan breached that duty, and has included examples of the alleged breach. However, the counterclaim reveals no connection between the alleged misconduct and any harm to UCC. *See, e.g., Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 512-513 (7th Cir. 2009) (upholding dismissal because "[a]t no point does [the plaintiff] explain how the alleged breach of fiduciary duty imposed (or could have imposed) a loss on the [defendant]") (citation omitted). Accordingly, the Court recommends that UCC's counterclaim Count I be dismissed for failing to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8. Fed. R. Civ. P. 8(a)(2).

2.      **Counterclaim Count II: Constructive Fraud**

Gagan argues that UCC's second counterclaim, for constructive fraud, does not meet the heightened pleading requirements of Rule 9(b). UCC argues that its claim is properly pleaded.

Federal Rule of Civil Procedure 9(b) requires, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Rule 9(b) standard "ensure[s] that the party accused of fraud, a matter implying some degree of moral turpitude and often involving a 'wide variety of potential conduct,' is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Investor Serv.*, 191 F.3d 777, 783 (7th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1296, at 580 (2d ed. 1990)).

Under Indiana law,

> The elements of constructive fraud are: (i) a duty owing by the party accused of the misconduct to the complaining party due to their relationship; (ii) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or by remaining silent when a duty to speak exists; (iii) reliance thereon by the complaining party; (iv) injury to the complaining party as a proximate result thereof; and (v) the gaining of an advantage by the party accused of the misconduct at the expense of the complaining party.

*In re Scahill*, 767 N.E.2d 976, 979 (Ind. 2002) (citing *Rice v. Strunk*, 670 N.E.2d 1280 (Ind. 1996)).

In its second counterclaim, UCC has included a boilerplate allegation of constructive fraud: that (i) Gagan owed fiduciary duties to UCC; (ii) Gagan violated those duties by failing to disclose personal matters and interests that impaired his performance, in the face of a duty to speak; (iii) UCC acted in reliance on Gagan's fiduciary duty; (iv) Gagan harmed and injured UCC as a

7

proximate result of his failure to disclose; and (v) Gagan gained personal advantage and gain at UCC's expense. However, the counterclaim contains no specifics, such as the dates or particulars of the alleged personal matters and issues, what obligations they kept him from performing, or what activities he was engaged in at UCC's expense. The lack of specificity of the allegations leaves Gagan with no way to defend himself against them. A "boilerplate" recitation of fraud "is clearly insufficient on its own under Rule 9(b)" unless accompanied by specific date, statements, or other references to put the defendant on notice of the specific fraud being alleged. *Fujisawa Pharm. Co. v. Kapoor*, 814 F. Supp. 720, 726-727 (N.D. Ill. 1993). Although UCC "was not required to . . . allege the facts necessary to show that the alleged fraud was actionable," Rule 9(b) does require that it "set forth the date and content of the statements or omissions that it claimed to be fraudulent." *Midwest Commerce Banking Co. v. Elkhart City Ctr.*, 4 F.3d 521, 524 (7th Cir. 1993) (citations omitted). UCC did not include the kind of details required by Rule 9(b).

UCC's second counterclaim does not meet the heightened pleading standards of Rule 9(b), and therefore the Court recommends that it be dismissed.

### 3. Counterclaim Count III and Affirmative Defenses 17 and 25: Overpayment

Finally, Gagan argues that Counterclaim Count III and the affirmative defenses regarding repayment of money paid to Gagan by UCC should be dismissed or stricken because Indiana law forbids UCC from retroactively reducing Gagan's wages. UCC argues that Gagan has mischaracterized UCC's counterclaim, which is an equitable claim of unjust enrichment rather than a claim for retroactively reducing wages, and that it has properly stated a claim for quantum meruit.

Gagan characterizes UCC's claim in Count III as a claim for overpayment for Gagan's labor. Under Indiana Law, "[p]resent compensation, at least with regard to an employee's hourly or salaried

wage, . . . wholly and indefeasibly vests upon the performance of labor without any additional requirements" and "can never be forfeited by an employee absent a contractual agreement to the contrary." *Williams v. Riverside Cmty. Corr. Corp.*, 846 N.E.2d 738, 744 (Ind. Ct. App. 2006) (citations omitted); *see also Taylor v. Cmty. Hosp. of Ind., Inc.*, 860 N.E.2d 1200, 1203 (Ind. Ct. App. 2007). Accordingly, Gagan argues, because he has already been paid by UCC and there is no relevant contractual agreement providing otherwise, he cannot now be required to repay his wages.

UCC argues that it is not requesting that Gagan repay bonuses or wages but that it is instead making a quantum meruit claim, seeking damages for the harm caused by Gagan in failing to fulfill his fiduciary duties. "Quantum meruit is an equitable doctrine that prevents unjust enrichment by permitting one to recover the 'value of work performed or material furnished if used' by another and if valuable." *Galanis v. Lyons & Truitt*, 715 N.E.2d 858, 861 (Ind. 1999) (quoting 17A C.J.S. Contracts § 440 at 553 (1963)). In order "[t]o prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408-409 (Ind. 1991). The doctrine of quantum meruit is frequently used by attorneys after they have been discharged by their clients to recover for work already performed but for which they have not received compensation. *See, e.g., Galanis*, 715 N.E.2d 858. However, this is not a case where UCC performed labor for Gagan and is entitled to recover for the "value of work performed or material furnished." *Galanis*, 715 N.E.2d at 861 (quotation omitted). Instead, Gagan performed work for UCC, and UCC is now claiming it overpaid Gagan for that work. A quantum meruit action is not appropriate in these circumstances.

Accordingly, Counterclaim III cannot succeed as either a claim for retroactive reduction of

wages or as a quantum meruit claim, and the Court recommends that it be dismissed.

Gagan also argues that affirmative defenses 17 and 25 should be stricken as legally insufficient since they are, like Counterclaim Count III, claims that UCC is entitled to the return of previously earned wages. UCC does not include any new argument about the affirmative defenses, but refers back to its arguments that its counterclaims were legally sufficient, indicating that the same arguments apply to these affirmative defenses.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant . . matter." Fed. R. Civ. P. 12(f). Although they do not agree on what those grounds are, both parties agree that affirmative defenses 17 and 25 rest on the same legal ground as the counterclaims - counterclaims that the Court has recommended that the District Court dismiss as legally insufficient. Accordingly, the affirmative defenses are redundant of the legally-insufficient counterclaims and are hereby stricken.[1]

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Judge DeGuilio **GRANT** the Motion to Dismiss contained within Plaintiff/Counterdefendant's Motion to Dismiss Defendant/Counterplaintiff's Counterclaim and Motion to Strike Defendant/Counterplaintiff's Affirmative Defenses [DE 44].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C).

---

[1] The Court notes that Affirmative Defense 25, alleging entitlement to a set-off, would more appropriately be considered a counterclaim. *See, e.g.,Lock Realty Corp. IX v. U.S. Health, LP*, No. 3:06-CV-487RM, 2009 WL 2970330, at *14, 2009 U.S. Dist. LEXIS 84069, at * 40-41 (N.D. Ind. Sept. 14, 2009) (listing cases); *American Mgmt. v. MIF Realty, L.P.*, 666 N.E.2d 424, 432 (Ind. Ct. App. 1996). Although the Court can "treat the pleading as though it were correctly designated" under Rule 8, the pleading would continue to be both redundant of the other counterclaims and legally insufficient for the reasons described above. Fed. R. Civ. P. 8(c)(2); *Wilbert Funeral Serv. v. Custom Serv. Unlimited, LLC*, No. 10 C 3272, 2010 WL 4627663, at *1, 2010 U.S. Dist. LEXIS 117770, at *2-4, (N.D. Ill. Nov. 5, 2010).

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

The Court hereby **GRANTS** the Motion to Strike contained within the Plaintiff/Counterdefendant's Motion to Dismiss Defendant/Counterplaintiff's Counterclaim and Motion to Strike Defendant/Counterplaintiff's Affirmative Defenses [DE 44].

SO ORDERED this 15th day of December, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record